UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

**ERNEST EUGENE ENGLISH, JR.,**

Debtor.

)  Chapter 11
)  Bankruptcy Case No. 19-20899
)
)
)  Hon. Paul R. Warren
)
)

## MOTION TO DISMISS THE BANKRUPTCY WITH PREJUDICE OR IN THE ALTERNATIVE, FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

The County of Monroe ("Monroe County"), by its attorneys Boylan Code LLP, as and for its Motion to Dismiss the Bankruptcy with Prejudice or in the alternative, for Prospective Relief From the Automatic Stay (the "Motion") as it applies to Ernest Eugene English, Jr. (the "Debtor"), alleges as follows:

### JURISDICTION AND VENUE

1. This Motion is brought pursuant to sections 105, 349 and 1112 of the United States Bankruptcy Code (the "Code"), along with Rules 9023 and/or 9024 of the Federal Rules of Bankruptcy Procedure.

2. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1334 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## PARTIES AND BACKGROUND

5. The Debtor owns three parcels of property in Monroe County: (a) 121 Cady Street, Rochester, New York 14608; (b) 27 Portland Avenue, Rochester New York 14605; and (c) 29 Portland Avenue, Rochester, New York 14605 (the "Real Property").

6. For over ten years the Debtor has willfully refused to pay Monroe County the full amount of property tax owed on the Real Property. A summary of the missed payments and amounts owed is attached hereto as Exhibit A.

7. Beginning in 2014, Monroe County has included the Real Property in its annual foreclosure proceeding and public auction conducted under the Monroe County In Rem Tax Foreclosure Act. A day or two prior to each auction sale, from October 30, 2014 through September 12, 2019, the Debtor *pro-se*, has filed for bankruptcy relief. A summary of each bankruptcy and its corresponding auction is as follows:

| Auction Date | Petition Date | Bankruptcy Chapter | Schedules Filed | Bankruptcy Filing Fee Paid | Dismissal Date |
|---|---|---|---|---|---|
| 10/30/2014 | 10/29/2014 | 7 | None | unknown | 01/21/2015 |
| 10/27/2016[1] | 10/26/2016 | 13 | None | $0.00 | 12/12/2016 |
| 09/13/2017 | 09/11/2017 | 13 | None | $0.00 | 09/27/2019 |
| 03/15/2018[2] | 03/02/2018 | 13 | None | $285 | 03/12/2018 |
| 09/12/2018 | 09/11/2018 | 7 | None | $0.00 | 10/22/2018 |
| 09/12/2019 | 09/11/2019 | 11 | None | $0.00 | 09/23/2019 |

8. A copy of the bare petition, order of dismissal, and docket report for each

---

[1] Out of caution, Monroe County did not include the Real Property in the 2015 In Rem proceeding, because the Debtor's bankruptcy commenced the previous year remained open until February 2015; a point in time when the County was determining what parcels it could add. As such, Debtor did not require a new bankruptcy in 2015 to prevent the auction sale of the Real Property.

[2] The Debtor's March 2, 2018 Bankruptcy was presumably filed in response to the City of Rochester's separate tax foreclosure held on March 15, 2018.

bankruptcy[3] is attached hereto as <u>Exhibits B-H</u>.

      9.    There are clearly common themes to each bankruptcy:

    a) The only debt, as set forth in the current bankruptcy, appears to be property taxes.

    b) Unquestionably, each bankruptcy was filed to thwart Monroe County's[4] sale of the Real Property, generally scheduled for the following day. Given the timing, the County could not practically move under 362(d) of the Bankruptcy Code to lift the stay.

    c) Each bankruptcy was filed *pro-se*.

    d) The Debtor never actually files bankruptcy schedules or meets even the minimum requirements of section 521 of the Bankruptcy Code.

    e) The Debtor makes no actual effort to reorganize his debts.

    f) The Debtor does not appear at any meeting of creditors.

    g) The Debtor generally does not appear at all in the bankruptcy following the petition date.

    h) The Debtor will typically file nothing other than the bankruptcy petition and request to waive his filing fee or pay the fee through installments.

    i) The Court or appointed trustee is forced to take steps to ensure each case is dismissed and closed.

    j) The Debtor does not oppose those motions efforts to dismiss.

    k) The Debtor has failed to pay nearly all the bankruptcy filing fees incurred to date.

      10.    The Debtor's established technique truly demonstrates his ability to game the system. Each petition is filed with an application to waive the filing fee or pay it through installments. Presumably, he has learned this approach ensures the bankruptcy clerk will commence the case without the required payment (let alone payment on his growing debt with

---

[3] The Debtor also filed Bankruptcy in 2001, *pro se* (BK No. 01-23974). From the available docket, this case met a similar fate following the Debtor's failure to file required bankruptcy schedules.

[4] Or in March 2018, the City of Rochester's tax foreclosure.

the Court). After the Court denies that application the case is quickly dismissed with little note. However, by that point the Debtor has already accomplished his mission – attaining a stay, ever so brief, to force Monroe County into pulling the Real Property from the annual auction. He does this all for free.

11.   As in the previous five bankruptcies, the Debtor has not commenced this Chapter 11 with any actual intention of reorganizing his debts. He simply needs a quick stay. Mr. English has abused the Bankruptcy Code and this Court to establish a regular practice of avoiding both: (a) his payment of property tax; and (b) the resulting foreclosure sale of the Real Property. The cycle is clear: refuse to pay Monroe County property taxes, file bankruptcy the day before the foreclosure sale, use the automatic stay to pull the Real Property from the sale, allow the case's dismissal for failure to pay the filing fee, wait another year. Wash, rinse, repeat.

## REQUEST FOR RELIEF

12.   There is no question the Debtor is a serial bankruptcy filer and that he does so for the sole purpose of briefly staying Monroe County's annual foreclosure of his Real Property. There can also be no dispute that his filings are done in bad faith. The Debtor is not an honest but unfortunate debtor and he has no interest in actually reorganizing his debt.

13.   While Bankruptcy offers the honest but unfortunate debtor a new opportunity in life, "Debtors who do not file in good faith should not be afforded the benefits of the bankruptcy process." In re Casse, 219 B.R. 657, 660 (Bankr. E.D.N.Y. 1998) aff'd, 198 F.3d 327 (2nd Cir. 1999). "Repeat bankruptcy filings calculated solely to reap the benefits of the automatic stay and frustrate or delay enforcement of a secured creditor's foreclosure rights are an abuse of the system." Id at 661.

4

14. While the Court just entered an Order of Dismissal in the instant case, it will not end the Debtor's cycle of annual filing.[5] Monroe County respectfully requests a separate order "to bring to an end abusive practices" of the Debtor and "to deal with abuses caused by [this]... serial filer[]." In re Casse, 198 F.3d 327, 334 (2nd Cir. 1999).

15. Means of preventing this abuse fall under two categories: (a) dismissal with prejudice and (b) prospective relief from the automatic stay. The power to issue either form of relief is found under 11 U.S.C §§ 105(a) and 349(a):

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a)

> <u>Unless the court, for cause, orders otherwise</u>, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (emphasis added)

### A. Dismissal with Prejudice

16. In <u>In re Casse</u>, the Second Circuit aligned itself with the majority of courts that allow a bankruptcy judge to utilize these two sections of the Code "...to prohibit a serial filer from filing petitions for periods of time exceeding 180 days." 198 F.3d at 339 (affirming the bankruptcy court's previous orders that included the dismissal of bankruptcy "with prejudice" as

---

[5] The 180-day preclusion allowed under section 109(g) of the Code does not help Monroe County when the foreclosure auctions occur roughly 365 days apart. Similarly, stay limitations set forth in sections 362(c)(3) and (4) of the Bankruptcy Code are of little benefit since the Debtor should only need one bankruptcy a year (thus the initial 30 day stay) to accomplish the goal of thwarting the annual sale.

5

to all subsequent filings under any Bankruptcy chapter). This very Court has exercised its discretion to grant such relief to curb a previous serial filer's attempts to avoid Monroe County's tax foreclosure auctions. See In re Asandrov, 16-21127 (Docket No. 20). For the very same reasons, Monroe County respectfully requests an Order dismissing the instant Bankruptcy be "with prejudice" to prevent further abuse.

### B. Prospective Relief from the Automatic Stay

17. In the alternative, Monroe County respectfully requests an Order granting prospective relief from the automatic stay. While Casse and the Second Circuit have not specifically allowed this relief, courts within the Circuit have consistently found they have "the power to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions to stay foreclosure sales without the intention of completing or without having the ability to complete the bankruptcy process in good faith." In re Feldman, 209 B.R. 422, 426-27 (Bankr. E.D.N.Y. 2004). See In re Ward, 423 B.R. 22, 32–33 (Bankr. E.D.N.Y. 2010) (granting this relief in response to a serial filer and holding, "The remedy sought here, prospective relief from the automatic stay, is more narrowly focused and less burdensome to the debtor than the type of refiling bar which the Court of Appeals found permissible in Casse."); In re Greenberg, 200 B.R. 763, 769-770 (Bankr. S.D.N.Y 1996). See also, In re Cusano, 431 B.R. 726, 737-738 (B.A.P. 6th Cir. 2010).

18. An Order granting prospective relief would not bar Mr. English from a future filing should he have a legitimate, good-faith purpose for bankruptcy. It would, however, narrowly sanction the Debtor, ensuring Monroe County's foreclosure of the Real Property would not be prevented by any future stay. Either form of relief fits squarely with this Court's role of "preserving that institutional integrity of the bankruptcy system." In re Casse, 219 B.R. at 661

("Bankruptcy Courts are charged with the responsibility of preserving the institutional integrity of the bankruptcy system by enforcing the requirement of good faith.").

19. If this Court's Order of Dismissal, dated September 23, 2019, stands as an impediment to either sanction, Monroe County respectfully requests relief from that Order pursuant to Rules 9023 and/or 9024 of the Federal Rules of Bankruptcy Procedure. This Motion would be timely under either Rule and the grounds for this relief are both the manifest injustice it would impose upon Monroe County and the fact the totality of evidence regarding the Debtor's bad-faith, serial-filing was not presented to the Court prior to dismissal.

20. Based on the foregoing, Monroe County respectfully requests that the Court dismiss the Bankruptcy with prejudice or in the alternative, grant Monroe County prospective relief from the automatic stay as it applies to the Real Property, along with such additional relief as the Court deems appropriate.

Dated: September 24, 2019
      Rochester, New York

Respectfully submitted,

**BOYLAN CODE LLP**
*The County of Monroe*

Devin Lawton Palmer, Esq.
145 Culver Road, Suite 100
Rochester, New York 1420
Telephone:    585.232.5300
Facsimile:     585.238.9012
dpalmer@boylancode.com