UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ernest Eugene English, Jr., | Bankruptcy Case No. 19-20899-PRW |
| | Chapter 11 |
| Debtor, | |

**ORDER GRANTING COUNTY OF MONROE'S
MOTION TO RECONSIDER AND MOTION TO DISMISS,
BARRING DEBTOR FROM FILING A BANKRUPTCY
CASE, WITHOUT PRIOR PERMISSION OF THIS COURT,
FOR A PERIOD OF TWO YEARS AND
PROSPECTIVELY LIFTING THE AUTOMATIC STAY AS TO
REAL PROPERTY LOCATED AT THE ADDRESSES LISTED IN THIS ORDER
FOR A PERIOD OF TWO YEARS**

On September 11, 2019, Ernest English, Jr. filed a bare-bones chapter 11 petition and an application to pay the filing fee in installments. (ECF Nos. 1 & 3). The Court denied Mr. English's application to pay the filing fee in installments due to Mr. English's default on the payment of the filing fee in a prior case—Case No. 18-20200. (ECF No. 9). The Court gave Mr. English until September 20, 2019 to pay the filing fee in full for the 2018 case, as well as the present case, or the present case would be automatically dismissed. (*Id.*). On September 23, 2019, the Court entered an Order Dismissing Case because Mr. English had not paid the filings fees. (ECF No. 19). One day later, the County of Monroe filed a motion under Rule 9023 FRBP/Rule 59 FRCP, asking the Court to reconsider the Order of dismissal and, instead, dismiss Mr. English's bankruptcy case with prejudice and/or grant prospective relief from the automatic stay to the County as it applies to the Mr. English's real property. (ECF Nos. 21 & 27). On October 10, 2019, a hearing was held on the County's motion.

Mr. English has not paid property taxes on his residence for the past 11 years. He has also failed to pay the property taxes on his other properties for the past 5 years. To frustrate the County's ability to sell his properties, Mr. English has filed 6 bankruptcy cases in the past 5 years. (Case Nos. 14-21329-PRW, 16-21182-PRW, 17-20965-PRW, 18-20200-PRW, 18-20956-PRW, 19-20899-PRW). In each instance, after filing a bare bones petition, Mr. English made no effort to prosecute his case. All of Mr. English's prior cases were dismissed within a couple months of filing for either failure to file schedules and statements or failure to pay the filing fee. Based upon the Mr. English's record of serial bankruptcy filings and his repeated use of the bankruptcy process to frustrate the County's ability to sell his properties at its annual foreclosure sale, it is hereby,

**ORDERED**, that, in order to prevent manifest injustice, the County of Monroe's motion seeking reconsideration of the Court's Order Dismissing Case is **GRANTED** under Rule 9023 FRBP for the reasons stated on the record at the hearing, the transcript of which is incorporated herein. The Court reserves the right to enter a written decision in the event of an appeal; and it is further

**ORDERED**, that this case is **DISMISSED**; and it is further

**ORDERED**, that Ernest English, Jr. is **BARRED** from filing a petition under any chapter of the Bankruptcy Code, which bar shall last for two (2) years from the entry of this Order and which bar shall be nationwide in its application; and it is further

**ORDERED**, that, should Mr. English wish to seek the protection of the bankruptcy court during the time he is barred from filing a petition, Mr. English must file a motion **with this Court** requesting permission to file a petition, on not less than 20 days' notice to all affected creditors *by personal service*, which motion is to be docketed by the Clerk of Court as a "Miscellaneous Proceeding" opened in the name of an "undisclosed debtor." In any such motion, Mr. English will have the burden to prove, by clear and convincing evidence, that the proposed petition is filed in good faith and not for any purpose prohibited by the Bankruptcy Code; and it is further

**ORDERED**, that the two (2) year bar to Mr. English filing a bankruptcy petition extends to and is enforceable against any individual, entity, or insider, as defined by 11 U.S.C. § 101(15) and (31), claiming an interest in or ownership of the following real property:

121 Cady Street, Rochester, NY 14608
27 Portland Avenue, Rochester, NY 14605
29 Portland Avenue, Rochester, NY 14605; and it further

**ORDERED**, that should a bankruptcy petition be filed during the two (2) year bar imposed by this Order, listing any of the above parcels of real property, the automatic stay **WILL NOT** go into effect under 11 U.S.C. § 362(a) unless this Court issues an order, after a motion has been duly filed and noticed, specifically determining that the automatic stay should be in place for an affected parcel for cause, the burden of proof of which shall be on the moving party.

**IT IS SO ORDERED.**

Dated: October 10, 2019
Rochester, New York

HON. PAUL R. WARREN
United States Bankruptcy Judge